IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICOLE VEASLEY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|   v. | ) | C.A. No. 05-CV-00615(GMS) |
| | ) | |
| NEWARK HOUSING AUTHORITY | ) | |
| JOHNNIE JACKSON, Executive | ) | |
| Director, in his official capacity, | ) | |
| JOAN ROBERTS, Housing Coordinator, | ) | |
| in her official capacity, | ) | |
| JACQUELYN BALDWIN, in her | ) | |
| official capacity, and | ) | |
| DAVID B. MAHENY, in his official | ) | |
| capacity, | ) | |
|    Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

### *PRELIMINARY STATEMENT*

1.  This paragraph is a narrative statement and/or legal conclusion and a response is not necessary from the defendants. To the extent that a response is required, the allegations are denied.

### *JURISDICTION*

2-5.  Admitted that the Court has jurisdiction to hear this action. The remainder of the allegation is denied, including that the plaintiff is entitled to any relief.

### *FACTS*

6.  Admitted upon information and belief that plaintiff Nicole Veasley ("Veasley") is a citizen of the State of Delaware and that she formerly occupied a home previously covered by a Housing Assistance Payment Contract between the property

1

owner and the Newark Housing Authority ("NHA").  The defendants are without sufficient information to form a belief as to the truth of the remaining allegation.

    7-16.    Admitted, though Veasley's rent was $24 per month.

    17.    This allegation is vague and incapable of a meaningful response.

    18.    Admitted.

    19.    Admitted upon information and belief.

    20.    The defendants are without sufficient information to form a belief as to what is in the DelTech student handbook.  Upon information and belief, it is admitted students are generally required to attend classes.

    21.    Admitted.

    22.    Denied.

    23.    Admitted that an appointment notice was sent scheduling a meeting on February 2, 2005.  Denied that the defendants were aware of Veasley's schedule or whereabouts on an ongoing basis.

    24.    The defendants are without sufficient knowledge as to where Veasley was on or around February 2, 2005 or where she called from.  To the extent necessary, denied.

    25.    The defendants are without sufficient knowledge as to Veasley's scheduled on March 3, 2005. To the extent necessary, denied.

    26.    Admitted that the meeting was rescheduled for the following day.  The remainder of the allegation is denied.

    27.    Admitted that the March 4, 2005 was again rescheduled at the request of Veasley.  Admitted that Veasley attended the March 7, 2005 appointment.  The

defendants are without sufficient knowledge to admit or deny the balance of the allegations.

28. Admitted that an appointment was scheduled for April 7, 2005. The defendants are without sufficient knowledge to admit or deny the balance of the allegation.

29. The defendants are without sufficient information to admit or deny Veasley's intentions or state of mind.

30. Admitted that Veasley contacted NHA prior to the appointment and stated that she locked her keys in her car. Admitted that the appointment was rescheduled for the next day. The remainder of the allegation is denied.

31. It is admitted that Veasley again called to reschedule her monthly certification appointment for April 8, 2005. It is admitted that the appointment was rescheduled for the next business day, April 11, 2005. The defendants are without sufficient knowledge to admit or deny the remainder of the allegations.

32. The defendants are without sufficient knowledge to admit or deny the allegations.

33. Admitted that Veasley missed another appointment. The defendants are without sufficient information to admit or deny the remainder of the allegation.

34. Admitted that Veasley did appear at NHA after the scheduled appointment. The defendants are without sufficient information to admit or deny Veasley's realization of her oversight.

35. Admitted.

36. Admitted that NHA sent a letter to Veasley dated April 11, 2005. The letter speaks for itself.

37-41. Admitted.

42. Denied.

43. Denied as stated. Copies of documents requested by Veasley's representative were made and provided.

44. Admitted that some documents were not permitted for review. Denied that telephone records were not available.

45-47. Admitted.

48. Admitted that Mr. Jackson presented NHA's case. Denied that all testimony and evidence presented was hearsay.

49. Admitted that NHA relied upon its Administrative Plan during the hearing. Denied that the Plan was not available to Veasley's counsel, Legal Aid.

50. Admitted that a paper copy could not be immediately provided and would be sent at a later time, although Legal Aid already had a copy. The remainder of the allegation is denied.

51. Denied as stated.

52. Denied as stated. It is admitted that Legal Aid already had a copy.

53. Admitted that Mr. Jackson testified that notices are generally sent out about 14 days before the appointment. The remainder of the allegation is denied.

54. Denied.

55. Admitted that Veasley testified at the hearing that she did not receive notices of her appointments until 2 or 3 days before the appointment. The remainder of the allegation is denied.

56-57. Admitted.

58. The decision of the hearing officer dated May 4, 2005 speaks for itself. The remainder of the allegation, which contains argument, is denied.

59. Admitted that counsel wrote to NHA to complain about the hearing officer's decision. The letter speaks for itself. It is denied that Veasley or her counsel were denied access to the documents referenced in the letter.

60. Admitted upon information and belief.

61. The defendants are without sufficient information to admit or deny this allegation.

62. Admitted.

## COUNT I

63. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-62 above.

64. Denied.

## COUNT II

65. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-64 above.

66. Admitted that the defendants are required to comply with the NHA Administrative Plan and federal regulations. The remainder of the allegations are denied.

## COUNT III

67. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-66.

68. Admitted that the defendants are required to regulate the hearing in accordance with the NHA informal hearing procedures, its Administrative Plan and federal regulations. The remainder of the allegation is denied.

### COUNT IV

69. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-68 above.

70. Admitted that the defendants are required to ensure that the conduct of the informal hearing is in accordance with NHA's Administrative Plan and federal regulations. The remainder of the allegation is denied.

### COUNT V

71. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-70 above.

72. Denied.

### COUNT VI

73. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-72 above.

74. Admitted that the defendants are required to comply with NHA's informal hearing procedures and federal regulations. The remainder of the allegations are denied.

### COUNT VII

75. The defendants reallege and incorporate by reference the allegations contained in paragraphs 1-74 above.

76-77.  Denied.

## AFFIRMATIVE DEFENSES

78. Defendants acted lawfully in terminating Section 8 assistance pursuant to 24 CFR § 982.552(c) which permits a Housing Authority to terminate program assistance if the tenant violates obligations specified in 24 CFR § 982.551.

79. Defendants' termination of Section 8 assistance was justified because of plaintiff's repeated violations of her obligations under the Newark Housing Authority's Administrative Plan.

80. Plaintiff breached her obligations under federal, state and local agency requirements, rules and regulations and is therefore not entitled to the relief she is seeking.

81. The Complaint fails to state a claim upon which relief may be granted against the individual defendants because suits against individuals in their official capacities are regarded as suits against the governmental entity.

82. Defendants have complied with all federal, state, and local agency rules, regulations and requirements.

83. The individual defendants are immune from suit pursuant to the doctrine of qualified, good faith immunity.

**WHEREFORE**, defendants request that the complaint be dismissed, with all fees and costs assessed against plaintiff.

          **Akin & Herron, P.A.**

          <u>/s/ Bruce C. Herron</u>
          Bruce C. Herron,
          Attorney Bar ID No.: 2315
          1220 North Market Street
          Suite 300
          P.O. Box 25047
          Wilmington, DE 19899
          302-427-6990
          Attorney for Defendants

Dated: November 10, 2005